## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GARY J. DUARTE et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:13-cv-00371-RCJ-VPC |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of the foreclosure of a rental property. Defendants MTC Financial Corp., d.b.a. Trustee Corps ("Trustee Corps"), and Wells Fargo Bank, N.A. ("Wells Fargo") have separately moved to dismiss for failure to state a claim. For the reasons given herein, the Court grants the motions, with leave to amend in part.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiffs Gary and Ellen Duarte gave lender Wells Fargo a $213,600 promissory note to refinance property at 1101 Los Amigos Dr., Sparks, NV 89434 (the "Property"), secured by a deed of trust (the "DOT") against the Property given to trustee United Title of Nevada ("United Title"). (*See* DOT 1–3, Jan. 25, 2007, ECF No. 6-1). Mortgage Electronic Registration Systems, Inc. does not appear to be a party to or third-party beneficiary of the DOT. Trustee Corps, as purported attorney-in-fact for Wells Fargo, purported to substitute itself as trustee in place of United Title. (*See* Substitution, June 13, 2012, ECF No. 6-2). Because it was signed after July 1, 2011, the Substitution, assuming it was otherwise proper, was effective when recorded on June 19, 2012. *See* Nev. Rev. Stat. § 107.028(4). Trustee Corps filed a Notice of Breach and Default

and Election to Cause Sale (the "NOD") along with an Affidavit of Authority ("AA"), indicating a default of $13,370.88 as of July 9, 2012. (*See* NOD and AA, July 19, 2012, ECF No. 6-3). The Property is not eligible for mediation under Nevada's Foreclosure Mediation Program. (*See* FMP Certificate, Oct. 15, 2012, ECF No. 6-4). Trustee Corps noticed a trustee's sale for December 28, 2012. (*See* Notice of Trustee's Sale, Nov. 20, 2012, ECF No. 6-5). Trustee Corps sold the Property to Federal Home Loan Mortgage Corp. ("Freddie Mac") for $139,597 cash at a trustee's sale on March 8, 2013. (*See* Trustee's Deed Upon Sale, Mar. 21, 2013, ECF No. 6-7). Although the DOT was extinguished upon its own foreclosure by operation of law, Wells Fargo formally assigned the DOT to Freddie Mac, anyway. (*See* Assignment, Mar. 19, 2013, ECF No. 6-6).

Plaintiffs sued Wells Fargo, Trustee Corps, and Malcolm & Cisneros, A Law Corporation[1] in state court on seven causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) statutorily defective foreclosure under section 107.080; (4) intentional interference with contractual relations; (5) equitable estoppel; (6) deceptive trade practices under section 598.0923(2)–(4); and (7) appointment of a receiver. Defendants removed. Trustee Corps and Wells Fargo have separately moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

---

[1]This last party has not appeared, and it is unclear whether it has been served.

1   F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

2   failure to state a claim, dismissal is appropriate only when the complaint does not give the

3   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

4   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

5   sufficient to state a claim, the court will take all material allegations as true and construe them in

6   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

7   Cir. 1986). The court, however, is not required to accept as true allegations that are merely

8   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

9   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

10  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

11  is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

12  U.S. at 555).

13       "Generally, a district court may not consider any material beyond the pleadings in ruling

14  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

15  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

16  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

17  whose contents are alleged in a complaint and whose authenticity no party questions, but which

18  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

19  motion to dismiss" without converting the motion to dismiss into a motion for summary

20  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

21  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

22  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

23  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

24  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

25  2001).

## III. ANALYSIS

The Court dismisses the first two claims.  Insofar as Plaintiffs mean to imply a breach of an oral agreement to modify the mortgage, the statute of frauds prevents such a claim without a writing signed by the party to be charged.  Insofar as Plaintiffs mean to imply a claim for promissory estoppel based upon Wells Fargo's continuation of foreclosure proceedings while negotiating a modification, Plaintiffs simply do not allege any promise by Wells Fargo to modify or forbear foreclosure but only ongoing negotiations.  They allege only that "*counsel for the Duartes* confirmed [to them] that submission of the Rental RMA to WELLS FARGO would discontinue the foreclosure process . . . ." (Compl. ¶ 22, June 6, 2013, ECF No. 1-1 (emphasis added)).  But counsel's assurances to his or her clients do not bind an adversary.  Plaintiffs also allege Wells Fargo was bound by the anti-dual-tracking provision of the National Mortgage Settlement entered into by Wells Fargo in March 2012 not to foreclose while negotiating a modification.  That agreement, however, created no civil cause of action, although Plaintiffs may be able to ask the U.S. District Court for the District of Columbia to intervene to hold Wells Fargo in contempt.  That court presumably has continuing jurisdiction over the consent judgment known as the "National Mortgage Settlement."

Under the third claim, Plaintiffs allege that foreclosure while they were under the impression Wells Fargo would not foreclose violated section 107.080.  The Court rejects this argument.  The anti-dual-tracking provisions adopted by the 2013 Legislature, *see* Senate Bill 321, § 13, "apply only with respect to trust agreements for which a notice of default is recorded on or after October 1, 2013," *id.*, § 30.  And even if these anti-dual-tracking provisions had been in effect at the time of foreclosure or sale, they would not have applied to the Property in this case, which was not owner-occupied. *See id.* § 7.  The Court has found a fairly common type of potential statutory defect in the foreclosure, i.e., Trustee Corps substituted itself as trustee based upon its own alleged agency for Wells Fargo.  The Court typically requires a defendant under

1  such circumstances to show that the trustee had authority to act on behalf of the principal or that
2  the principal ratified the purported trustee's acts.  In this, case, however, the assignment of the
3  DOT directly from Wells Fargo to Freddie Mac after the trustee's sale, although otherwise
4  legally superfluous, serves to show Wells Fargo's ratification of Trustee Corps's actions.

5        The fourth claim for intentional interference with contractual relations is based upon
6  alleged interference with the rental contract between Plaintiffs and the lessee of the Property at
7  the time of foreclosure.  The Court dismisses this claim because the proper foreclosure was not
8  wrongful.

9        Under the fifth claim for "equitable estoppel," Plaintiffs allege Wells Fargo should be
10  held liable to reimburse them for the costs of maintenance and repairs made on the Property in
11  reliance upon the possibility of a loan modification.  But there can be no reasonable reliance on
12  an unjustified expectation.  As the Court has noted, *supra*, Plaintiffs allege no promise, only an
13  assurance by their attorney.  Promissory estoppel requires just that: a promise (by the party
14  sought to be estopped).  As noted, *supra*, Plaintiffs plead none.  There is no equitable purpose to
15  be served in binding Wells Fargo to a statement made to Plaintiffs by Plaintiffs' own attorney if
16  that statement was based not upon Wells Fargo's own statement to the attorney but only upon the
17  attorney's own unjustified expectations.

18        Under the sixth claim, Plaintiffs allege that the dual-tracking process constituted a
19  deceptive trade practice under section 598.0923(2)–(4).  Plaintiffs, however, do not allege, except
20  in conclusory fashion, that Wells Fargo failed to disclose any material fact relating to the sale or
21  lease of goods or services, or, moreover, that Plaintiffs purchased any goods or services from
22  Wells Fargo in the present context.  Nor do they allege any knowing violation of any state or
23  federal statute or regulation.  Nor is any coercion, intimidation, or duress alleged.  There is no
24  allegation of physical duress, and economic duress only applies where a party wrongly causes or
25  exacerbates economic duress, and Wells Fargo is ultimately accused only of exercising its own

1  rights under the DOT and statutes, however clumsily it did so and however poorly managed its
2  mortgage resolution department is.[2]  That this may have caused Plaintiffs duress in the colloquial
3  sense does not substantiate a legal theory of duress.  So long as Defendants complied with the
4  foreclosure statutes, they cannot be liable for deceptive trade practices simply because they
5  simultaneously and gratuitously offered an alternative, unless they actually promised to forestall
6  foreclosure, which Plaintiffs have not alleged.
7      Seventh, Plaintiffs ask the Court to appoint a receiver to manage the Property.  The Court
8  dismisses this claim.  There are no facts pled in this case making a receivership of any business
9  or assets appropriate.

## CONCLUSION

11      IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 5, 13) are
12  GRANTED, with leave to amend the promissory estoppel and deceptive trade practices claims.
13      IT IS SO ORDERED.
14  Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge

---

[2] Plaintiffs may be able to amend the deceptive trade practices claim to state a claim based upon Wells Fargo's use of multiple "single" points of contact or other practices.  But Plaintiffs must clearly allege some particular violation of a state or federal statute or regulation.