1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7
8
9
10
11

| | |
|---|---|
| GARY J. DUARTE et al.,     ) | |
|     ) | |
| Plaintiffs,     ) | |
|     ) | 3:13-cv-00371-RCJ-VPC |
| vs.     ) | |
|     ) | |
| WELLS FARGO BANK, N.A. et al.,     ) | **ORDER** |
|     ) | |
| Defendants.     ) | |
|     ) | |

12
13
14

    This case arises out of the foreclosure of a rental property. Pending before the Court is a Motion to Dismiss (ECF No. 44). Because Plaintiffs have not timely responded, *see* Local R. 7-2(d), and for the reasons given herein, the Court grants the motion in part and denies it in part.

15

**I.    FACTS AND PROCEDURAL HISTORY**

16
17
18
19
20
21
22
23
24
25

    Plaintiffs Gary and Ellen Duarte gave lender Wells Fargo a $213,600 promissory note to refinance property at 1101 Los Amigos Dr., Sparks, NV 89434 (the "Property"), secured by a deed of trust (the "DOT") against the Property given to trustee United Title of Nevada ("United Title"). (*See* DOT 1–3, Jan. 25, 2007, ECF No. 6-1). Mortgage Electronic Registration Systems, Inc. does not appear to be a party to or third-party beneficiary of the DOT. MTC Financial, Inc., d.b.a. Trustee Corps, as purported attorney-in-fact for Wells Fargo, substituted itself as trustee in place of United Title. (*See* Substitution, June 13, 2012, ECF No. 6-2). Because it was signed after July 1, 2011, the Substitution, assuming it was otherwise proper, was effective when recorded on June 19, 2012. *See* Nev. Rev. Stat. § 107.028(4). Trustee Corps filed a Notice of Breach and Default and Election to Cause Sale (the "NOD") along with an Affidavit of Authority

("AA"), indicating a default of $13,370.88 as of July 9, 2012. (*See* NOD and AA, July 19, 2012, ECF No. 6-3). The Property is not eligible for mediation under Nevada's Foreclosure Mediation Program. (*See* FMP Certificate, Oct. 15, 2012, ECF No. 6-4). Trustee Corps noticed a trustee's sale for December 28, 2012. (*See* Notice of Trustee's Sale, Nov. 20, 2012, ECF No. 6-5). Trustee Corps sold the Property to Federal Home Loan Mortgage Corp. ("Freddie Mac") for $139,597 cash at a trustee's sale on March 8, 2013. (*See* Trustee's Deed Upon Sale, Mar. 21, 2013, ECF No. 6-7). Although the DOT was extinguished upon its own foreclosure by operation of law, Wells Fargo formally assigned the DOT to Freddie Mac, anyway. (*See* Assignment, Mar. 19, 2013, ECF No. 6-6).

Plaintiffs sued Wells Fargo, Trustee Corps, and Malcolm & Cisneros, A Law Corporation in state court on seven causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) statutorily defective foreclosure under section 107.080; (4) intentional interference with contractual relations; (5) equitable estoppel; (6) deceptive trade practices under section 598.0923(2)–(4); and (7) appointment of a receiver. Defendants removed. Trustee Corps and Wells Fargo separately moved to dismiss for failure to state a claim. The Court granted those motions on the merits, with leave to amend the promissory estoppel and deceptive trade practices claims. Plaintiffs asked the Court to reconsider, and Malcolm & Cisneros separately moved to dismiss for failure to state a claim. The Court denied the motion to reconsider, giving Plaintiffs fourteen days to amend in accordance with the previous order. The Court granted Malcolm & Cisneros's motion because Plaintiffs failed to respond. Plaintiffs timely filed the First Amended Complaint ("FAC") exactly fourteen days later. The remaining Defendant, Wells Fargo, has moved to dismiss the FAC. Plaintiffs have not timely responded.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

1   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

2   (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

3   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

4   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

5   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

6   failure to state a claim, dismissal is appropriate only when the complaint does not give the

7   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

8   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

9   sufficient to state a claim, the court will take all material allegations as true and construe them in

10   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

11   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

12   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

13   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

14   with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

15   case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

16   (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

17   pleads factual content that allows the court to draw the reasonable inference that the defendant is

18   liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

19   8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must

20   plead the facts of his own case so that the court can determine whether the plaintiff has any

21   plausible basis for relief under the legal theory he has specified, assuming the facts are as he

22   alleges (*Twombly-Iqbal* review).

23       "Generally, a district court may not consider any material beyond the pleadings in ruling

24   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

25   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

1    *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

2    whose contents are alleged in a complaint and whose authenticity no party questions, but which

3    are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

4    motion to dismiss" without converting the motion to dismiss into a motion for summary

5    judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

6    of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

7    *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

8    considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

9    summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

10   2001).

11   **II.     ANALYSIS**

12          The FAC contains seven claims.  The Court dismisses all but the fourth and fifth claims

13   for promissory estoppel and violation of the Nevada Deceptive Trade Practices Act ("NDTPA"

14   or the "Act"), without further analysis, because those are the only two claims Plaintiffs had leave

15   to amend.  Also, the Court notes that only the Property described*, infra*, which Plaintiffs refer to

16   in the FAC as the "Rental," appears to be directly at issue in this case, although the FAC contains

17   allegation relating to at least one other property, which Plaintiffs refer to as the "Residence."

18          **A.     Promissory Estoppel**

19          Plaintiffs previously alleged only that their counsel assured them Wells Fargo would not

20   foreclose while they sought a modification, not that Wells Fargo had made any such

21   representation to them or their counsel.  In the FAC, Plaintiffs now allege that on December 5,

22   2012 an employee of Wells Fargo, Stephanie Chia, one of their many "single points of contact,"

23   told Plaintiffs' counsel that Wells Fargo would stop the foreclosure on the Property if Plaintiffs

24   submitted a loss mitigation package on the Property, and they submitted a Rental Mortgage

25   Application ("RMA") on December 21, 2012. (*See* First Am. Compl. ¶¶ 16–17, Oct. 29, 2013,

1  ECF No. 40).  On that date, Plaintiffs' counsel sent a latter to Ms. Chia seeking confirmation that

2  the submission of the RMA would suspend the foreclosure. (*Id.* ¶ 18).  Although Ms. Chia did

3  not directly respond to this request, on January 27, 2013, she discussed with Plaintiffs' counsel

4  over the telephone that the pending trustee's sale on the Property had been suspended indefinitely

5  pending the April 3, 2013 mediation on the Property and two other properties against which

6  Wells Fargo held security interests. (*See id.* ¶¶ 19–20).  Plaintiffs repaired and improved the

7  Rental in early 2013 based upon Wells Fargo's representations that foreclosure would be

8  forestalled until the April 3, 2013 mediation. (*See id.* ¶ 29).  Nevertheless, Plaintiffs' tenants

9  received a March 13, 2013 notice at the Rental that the Rental had been sold on March 8, 2013

10 and that they faced eviction, resulting in that tenants refused to pay rent to Plaintiffs. (*See id.*

11 ¶¶ 25–28).

12      Promissory estoppel in Nevada consists of four elements: "(1) the party to be estopped

13 must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or

14 must so act that the party asserting estoppel has the right to believe it was so intended; (3) the

15 party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied on

16 his detriment on the conduct of the party to be estopped." *Cheqer, Inc. v. Painters & Decorators

17 Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982) (citing *Strong v. Santa Cruz Cnty.*, 543

18 P.2d 264 (Cal. 1975); *City of Long Beach v. Mansell*, 476 P.2d 423 (Cal. 1970)).  The Court will

19 not dismiss this claim.  Plaintiffs have sufficiently alleged facts supporting the elements of the

20 claim, i.e., that Wells Fargo, knowing that the foreclosure would proceed, told Plaintiffs' counsel

21 that it would be suspended until the mediation on April 3, 2013, such that Wells Fargo intended

22 that Plaintiffs would continue to maintain and/or improve the Property in the meantime, when

23 Plaintiffs were unaware that the foreclosure would not in fact be suspended and relied to their

24 detriment thereupon by repairing and improving the Property.

25

1    The Court rejects Wells Fargo's statute of frauds argument.  That defense, requiring a

2    writing for contracts concerning, *inter alia*, interests in real property, only applies to contracts,

3    and promissory estoppel is a claim that necessarily only exists where no enforceable contract has

4    been formed, because there has been no formal consideration. *See* Restatement (Second) of

5    Contracts § 90 (1981).  The claim exists precisely to correct the injustice that might occur where

6    equity requires a remedy but no contract, written or oral, can be shown.  For this reason, the

7    statute of frauds cannot be a defense to a promissory estoppel claim, as opposed to a claim for

8    breach of an oral contract: "A promise which the promisor should reasonably expect to induce

9    action or forbearance on the part of the promisee or a third person and which does induce the

10   action or forbearance is enforceable *notwithstanding the Statute of Frauds* if injustice can be

11   avoided only by enforcement of the promise." Restatement (Second) of Contracts § 139(1)

12   (1981) (emphasis added).  In any case, the alleged oral promise here did not directly concern a

13   promise to transfer any interest in real estate, but only to forestall a foreclosure, and the remedy

14   sought is therefore appropriately limited to damages resulting from the failure to delay as

15   promised, not a rescission of the sale of the real property.  So it does not appear that the alleged

16   promise was within the statute of frauds at all.

17        **B.    NDTPA**

18        Defendant argues that the Act does not apply here.  Plaintiffs allege violations of

19   subsections 598.0923(2)–(4) of the Nevada Revised Statutes.  Subsections (2) through (4) make

20   it a deceptive trade practice to "[f]ail[] to disclose a material fact in connection with the sale or

21   lease of goods or services," "violate[] a state or federal statute or regulation relating to the sale or

22   lease of goods or services," or "[u]se coercion, duress or intimidation in a transaction." Nev. Rev.

23   Stat. § 598.0923(2)–(4).  Plaintiffs allege that Wells Fargo's use of multiple conflicting points of

24   contact, inaccurate identification of which loans it was acting upon at various times, and

25

1 agreement to suspend foreclosure upon the Rental but proceeding anyway violated one or more

2 of these subsections.

3       Defendants argue that the Act simply does not apply to real estate transactions. The

4 Court agrees that the Property does not constitute "goods" under subsections (2) and (3).

5 "Goods" is separately defined in section 598.0934 as including mobile or manufactured homes

6 under some circumstances, but there is no indication the Property is a mobile or manufactured

7 home. *See id.* § 598.0934. The question remains whether the servicing of Plaintiffs' loan

8 constitutes the sale of services. The Court finds that it does not. Although the servicing of

9 Plaintiffs' loan is indeed a service itself, the subsections at issue do not on their face apply to acts

10 taken during the provision of goods and services already purchased or leased, but only during the

11 sale of services, i.e., fraud-in-the-inducement-type claims. The only remaining question is

12 whether Wells Fargo used coercion, duress, or intimidation. Plaintiffs have alleged this only in

13 conclusory fashion. They do not allege any physical or economic threats beyond the scope of

14 Wells Fargo's lawful right to foreclose the deed of trust on the Property. Because this deficiency

15 was specifically identified in the previous order dismissing with leave to amend, the Court now

16 dismisses this claim without leave to amend.

17 **CONCLUSION**

18       IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 44) is GRANTED IN

19 PART and DENIED IN PART. All claims are dismissed except the claim for promissory

20 estoppel.

21       IT IS SO ORDERED.

22 Dated this 12th day of February, 2014.

23 _____

24          ROBERT C. JONES
         United States District Judge

25